**RECEIVED**

APR 1 9 2012

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

ALEXANDRIA **DIVISION**

| | |
|---|---|
| JOSEPH JACQUET | CIVIL ACTION NO. 1:12-cv-0049 |
| LA. DOC #118386 | |
| VS. | SECTION P |
| | JUDGE DEE D. DRELL |
| WARDEN LYNN COOPER | MAGISTRATE JUDGE JAMES D. KIRK |

**REPORT AND RECOMMENDATION**

*Pro se* petitioner Joseph Jacquet, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections, who is incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana, filed the instant petition for writ of *habeas corpus* on January 6, 2012. Petitioner utilized the form provided to federal prisoners seeking habeas corpus pursuant to 28 U.S.C. §2241. However, in both his original petition [Doc. #1] and his amended petition [Doc. #4], petitioner attacks his 1993 armed robbery conviction and the 60-year sentence imposed in 1994 by Louisiana's Sixteenth Judicial District Court, St. Martin Parish. It is therefore clear that the petition arises under 28 U.S.C. §2254 which provides the manner for state prisoners to collaterally attack their state court convictions.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636. For the following reasons it is recommended that the petition be deemed successive and that it be **DISMISSED** since

this Court lacks jurisdiction to consider petitioner's claims.

### Background

Petitioner once again seeks to collaterally attack his armed robbery conviction and the 60 year sentence imposed by the Sixteenth Judicial District Court, St. Martin Parish. In his original petition he claims that he was arrested without probable cause and that he is actually innocent of the offense. In his amended petition he claims that he was denied due process when his motion to suppress was abandoned based upon misrepresentations by the District Attorney, and, that an excessive sentence was imposed without consideration of either aggravating or mitigating circumstances as required by the Louisiana Sentencing Guidelines or La. C.Cr.P. art. 894.1.

The history of petitioner's attempts to collaterally attack this armed robbery conviction and sentence in both the United States District Court and the courts of Louisiana is recounted in detail in the Report and Recommendation prepared by United States Magistrate Judge C. Michael Hill in Joseph Jacquet v. Warden, Avoyelles Corrections Center, Civil Action No. 6:10-cv-1931 at Doc. #8, and also in the Report and Recommendation authored by United States Magistrate Judge Patrick J. Hanna in Joseph Jacquet v. Warden Lynn Cooper, Civil Action No. 6:11-cv-2134 at Doc. #8.

In Civil Action No. 6:10-cv-1931, petitioner attacked the St. Martin Parish conviction claiming that the evidence was

2

legally insufficient, that his trial was otherwise unfair, that
felons were allowed to serve on his jury, and that the district
attorney acted improperly.  Magistrate Judge Hill recommended
dismissal with prejudice because the petition was time-barred by
the provisions of 28 U.S.C. §2244(d).  See No. 6:10-cv-1931 at
Doc. #8.  On April 11, 2011, United States District Judge Tucker
L. Melançon adopted the Recommendation and entered a judgment
dismissing the petition with prejudice as time-barred. *Id.*, at
Doc. #10. Petitioner did not appeal.

On December 8, 2011 petitioner filed another petition for
*habeas corpus* and this action was assigned civil action number
6:11-cv-2134.  This petition raised probable cause issues,
improper jury issues, prosecutorial misconduct issues, and
insufficiency of the evidence; in an amended petition Jacquet
argued that the State refused to introduce his statement into
evidence and refused to allow him to testify at trial, that the
district attorney was guilty of misrepresentation, and that the
sentence was excessive. In due course, United States Magistrate
Judge Patrick J. Hanna determined that the petition was
successive and recommended its transfer to the United States
Fifth Circuit Court of Appeals for further proceedings in
accordance with 28 U.S.C. §2244(b). Civil Action No. 6:11-cv-2134
at Doc. #8.  On February 29, 2012, Judge Melançon adopted the
recommendation [*Id*. Doc. #10] and in due course the petition was

3

transferred to the United States Fifth Circuit Court of Appeals. On March 5, 2012 petitioner was directed by the Fifth Circuit to file a motion for authorization to proceed and various supporting documents within 30 days. [*Id*. Doc. #11] Petitioner failed to comply and on April 12, 2012 the Fifth Circuit denied authorization to file the successive *habeas* petition for that reason. See In re: Joseph Jacquet, No. 12-30233.

### Law, Analysis and Recommendation

As petitioner is surely aware, 28 U.S.C. §2244(b) provides certain gate-keeping requirements before a successive *habeas corpus* petition can be considered by the District Court. Petitioner's 2010 *habeas corpus* action – Jacquet v. Warden, No. 6:10-cv-1931 – was, as shown above, dismissed with prejudice as time-barred by the provisions of 28 U.S.C. §2244(d). That dismissal constitutes an adjudication on the merits for purposes of the gate-keeping rules on successive petitions. See In re Flowers, 595 F.2d 204, 205 (5th Cir.2009) (*per curiam*). The instant petition, which attacks the same conviction and sentence is therefore successive. Until such time as petitioner obtains authorization from the Fifth Circuit Court of Appeals, this court is without jurisdiction to proceed on his successive *habeas* petition. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir.1999); United States v. Key, 205 F.3d 773, 774 (5th Cir .2000); Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir.2003).

4

**IT IS THEREFORE RECOMMENDED** that the instant petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 be deemed successive and **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal

may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

In Chambers, Alexandria, Louisiana, _____,
2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE